IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DINAH LYNN HENLEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GARY, LAKE COUNTY, LANITA TITUS, REGINALD WOODS and ESTATE OF LOUIS W. DONALD,<br><br>Defendants. | Case No. 2:04-CV-513 |

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT CITY OF GARY**

Now comes the defendant, City of Gary, by counsel, and submits the following Answer to the plaintiff's Complaint:

JURISDICTION

1. This action arises under 42 U.S.C. Sec. 1983, 1985, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and 28 U.S.C. Sec. 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 1 of Plaintiff's Complaint.

## VENUE

2. Venue in this Court is established pursuant to 28 U.S.C. Sec. 1391.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 2 of Plaintiff's Complaint.

## PARTIES

3. Plaintiff, Dinah Lynn Henley ("Henley") is a natural person who at all times relevant herein was a resident of the County of Lake, State of Indiana, and a citizen of the United States of America.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 3 of Plaintiff's Complaint.

4. Defendant, City of Gary ("Gary"), is a municipal corporation within the State of Indiana charged with and responsible for appointing and promoting, through the Mayor of the City, the members of the Gary Police Department and for the supervision, training, instruction, discipline, control and conduct of the Gary Police Department and its personnel. At all times relevant herein, Gary had the power, right and duty to control the manner in which the individually named Defendants who were members of the Gary Police Department carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Gary Police Department were consistent with the Indiana and Federal Constitution, and the laws of the State of Indiana.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 4 of Plaintiff's Complaint.

5. At all times relevant here, Defendants Lanita Titus ("Titus") and Reginald Woods ("Woods") were police officers employed by the Gary Police Department, and each is sued individually and in their official capacity as the agent, servant and employee of Gary.

Response: That said Defendant admits the allegations contained in rhetorical paragraph 5 of Plaintiff's Complaint.

6. Defendant, Lake County ("Lake County"), is a municipal corporation within the State of Indiana and said Defendant is responsible for the supervision, training, instruction, discipline, control and conduct of the Lake County Sheriff's Department and its personnel, including the correctional officers working in the Lake County Jail. At all times relevant herein, Lake County had the power, right and duty to control the manner in which the correctional officers of the Lake County Sheriff's Department carried out the objectives of said Defendant's employment and to see that all orders, rules, instructions and regulations promulgated for the Lake County Sheriff's Department were consistent with the Indiana and Federal Constitution, and the laws of the State of Indiana.

Response: That the allegations in rhetorical paragraph 6 Plaintiff's Complaint, refer to Defendant Lake County only and, therefore, this Defendant makes no answer to same.

7. Defendant Estate of Louis W. Donald Jr., through its Personal Representative, Loretta Loper, is sued as the duly appointed and acting Administrator of the Estate of Louis W. Donald, Jr., Deceased ("Defendant Donald"), who was a Gary Police Department officer and a part of the factual allegations set forth below. Defendant Donald died on August 27, 2001 and the Estate was opened on the 20th day of October, 2001, and is pending in the Lake Superior Court, Probate Division, under Cause Number 45D03-0110-EU-00087.

Response: That the allegations in rhetorical paragraph 7 refer to Defendant Estate of Louis W. Donald Jr., through its Personal Representative, Loretta Loper only and, therefore, this Defendant makes no answer to same.

FACTUAL ALLEGATIONS

8. On or about August 7, 2000, Henley and her Husband, Hollis Henley, resided in the City of Gary, County of Lake, State of Indiana, at the Lakeshore Dunes Apartment Complex.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 8 of Plaintiff's Complaint.

9. On said date and time, Henley's Husband was killed in self-defense by Henley in their apartment. The Gary Police Department subsequently began an investigation into Hollis Henley's death.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 9 of Plaintiff's Complaint.

10. As officers of the Gary Police Department, Defendants Titus, Woods, and/or Donald were present at the investigation conducted at the Lakeshore Dunes Apartment Complex. Defendant Titus, in her capacity as detective with the Department, led that investigation.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 10 of Plaintiff's Complaint.

11. In the course of the investigation, Defendants Titus and Woods tampered with, destroyed, and/or stole evidence present at the Lakeshore Dunes Apartment Complex. Said Defendants' actions included but are not limited to (a) repositioning and tampering with the knife used by Henley to protect herself against her Husband, as well as her Husband's body itself, in an attempt to incriminate Henley in his death; and (b) tampering and/or destroying physical evidence in an attempt to manipulate the forensic evidence and incriminate Henley in her Husband's death.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 11 of Plaintiff's Complaint.

12. Further, Defendants Titus and Donald obtained a statement from Henley by false promises, by depriving her of her federal and state constitutional right to counsel, by arresting her without probable cause, by failing to present her before a magistrate in a timely fashion after the arrest, and by other unconstitutional inducements.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 12 of Plaintiff's Complaint.

13. At the direction of Defendant Titus, the individually named Defendants who were members of the Gary Police Department altered original police reports and/or destroyed and/or withheld evidence favorable to Henley, including but not limited to (a) police reports pertaining to both the investigation into the death of Hollis Henley as well as records evidencing Hollis Henley's past abuse of Henley; and (b) photographs of Henley's body evidencing her Husband's attack upon her on August 7, 2000.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 13 of Plaintiff's Complaint.

14. In the course of the investigation and subsequent prosecution of Henley, the individually named Defendants who were members of the Gary Police Department changed and/or falsified witness statements, or caused same to be changed and/or falsified, in an attempt to incriminate Henley or withhold information favorable to Henley.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 14 of Plaintiff's Complaint.

15. On August 15, 2000, Henley was maliciously and without further warrant or probable cause arrested and charged with the killing of her husband. At the instance of officers of the Gary Police Department, and upon the sworn affidavit and investigative reports of Titus, which contained statements Titus knew to be false, Henley was charged in the Lake Superior Court, Criminal Division, with the offense of Murder under Cause Number 45G04-0008-CF-00156. Henley was then incarcerated without bail in the Lake County Jail pending resolution of the criminal charges. As a result of the deprivation of her liberty, Henley was unable to continue to work at her place of employment and ultimately was discharged by her employer.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 15 of Plaintiff's Complaint.

16. Subsequent to her arrest, Henley and/or her attorney began receiving anonymous letters from multiple authors informing her that a conspiracy existed within the Gary Police Department to frame her for and/or obstruct the investigation into the murder of Hollis Henley. The first letter was received on or about May 8, 2001, and thirteen (13) subsequent letters were delivered to Henley and/or her attorney through November of 2002.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 16 of Plaintiff's Complaint.

17. Following receipt of the first few letters in the Summer of 2001, Gary was notified via its Mayor, Scott King, and Director of Safety, Garnett Wilson, of the existence of the letters and of Henley's demand that the constitutional deprivations caused by the conduct referenced therein be redressed.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 17 of Plaintiff's Complaint.

18. Thereafter, correctional employees in the Lake County Sheriff's Department cooperated and conspired with officers of the Gary Police Department to intercept, tamper, and withhold Henley's personal and legal mail while she was incarcerated at the Jail.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 18 of Plaintiff's Complaint.

19. The letters received by Henley and/or her attorney revealed the names of persons with information that would exonerate Henley.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 19 of Plaintiff's Complaint.

20. In April/May of 2002, Henley was diagnosed with breast cancer, and as result of the malicious actions of Gary and the officers of the Gary Police Department as set out

herein, as well as the Lake County Sheriff's Department's failure to properly provide medical treatment to Henley, Henley's medical condition deteriorated.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 20 of Plaintiff's Complaint.

21. In June, 2002, Henley was permitted to bond out of the Lake County Jail; yet upon her release, officers of the Gary Police Department, including Defendant Titus, followed Henley and stopped her vehicle for purposes of intimidation and/or violence against Henley.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 21 of Plaintiff's Complaint.

22. Finally, the aforesaid criminal prosecution of Henley was dismissed by the Lake Superior Court on December 13, 2002.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 22 of Plaintiff's Complaint.

23. Henley was incarcerated without bail in the Lake County Jail from August, 2000 until her release in June, 2002, and subjected to criminal prosecution until December 13, 2002. As result of the misconduct described herein, Henley experienced humiliation, emotional distress, pain and suffering, medical illness, incurred expenses, including legal

fees, suffered the deprivation of her liberty, loss of employment and lost earnings, and other damages as authorized by law.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 23 of Plaintiff's Complaint.

24. Upon information and belief of Henley, the abuse to which Henley was subjected was consistent with an institutionalized practice of the Gary Police Department and Lake County Sheriff's Department, which was known to and ratified by Defendants Gary and Lake County, the Defendants having at no time taken an effective action to prevent said Defendants' police personnel from continuing to engage in such misconduct.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 24 of Plaintiff's Complaint.

25. Specifically, Defendants Gary and Lake County had prior notice of the unlawful propensities of its police personnel, including the individually named Defendants who were members of the Gary Police Department, but took no steps to correct their abuse of authority, discourage their unlawful use of authority, or discipline them.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 25 of Plaintiff's Complaint.

26. The failure to investigate and discipline Defendants' police personnel, and the knowledge thereof, was persistent and widespread within the police departments and

policymaking level of government of Defendants Gary and Lake County, such that misconduct, including but certainly not limited to the following actions of Department employees, was condoned by City and County policymakers and constituted a custom practice within each department:

(a) Upon information and belief of Henley, a Gary Police Officer, working in connection with an organized drug trafficking operation within the State of Indiana, confiscated cash believed to be in excess of one hundred thousand dollars from drug couriers. The couriers contacted members of the Internal Affairs Division of the Gary Police Department and complained about the missing money. Members of the Gary Police Department thereafter confronted the officer involved in the theft of the money and demanded that he return a portion of the missing funds to the drug trafficking operation. Despite knowledge of these events by the policymaking level of government, no formal complaint, report, or disciplinary action was ever imposed upon the departmental employees involved;

(b) Upon information and belief of Henley, Defendant Titus pulled a weapon on another Gary Police officer and threatened her with physical violence while on duty as a departmental officer. Despite knowledge of these events by the policymaking level of government, no formal disciplinary action was ever initiated by the department against Defendant Titus.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 26 of Plaintiff's Complaint.

27. Thereby and by reason thereof, and as a direct and proximate result of Defendants Gary and Lake County's failure to investigate, discipline, and prosecute its police officer employees instead of protecting them from accountability for their misconduct, said Defendants authorized, encouraged, condoned, and/or ratified as institutionalized practice the misconduct detailed above as follows:

(a) By failing to properly discipline, restrict, and control its employees, including the individually named Defendants who were members of the Gary Police Department, known to be reckless and/or malicious in their dealings with citizens of the community;

(b) By failing to take adequate precautions in the hiring, promotion, supervision, and retention of police personnel, including the individually named Defendants who were members of the Gary Police Department;

(c) By failing to forward to the Lake County Prosecutor's Office evidence of criminal misconduct committed by police personnel; and

(d) By failing to establish the functioning of an effective departmental system for dealing with complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to not only further deprive persons of their constitutional liberties, but mislead the public as well.

<u>Response:</u> That said Defendant denies the allegations contained in rhetorical paragraph 27 of Plaintiff's Complaint.

28. As a consequence of the abuse of authority detailed above, Henley suffered the damages hereinbefore alleged.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 28 of Plaintiff's Complaint.

29. On or about April 25, 2003, Henley timely served upon each governmental entity named a Defendant in this action a Tort Claim Notice pursuant to Indiana law. *Attached hereto and marked as Exhibit "A" is a true and correct copy of said Tort Claim Notice.*

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 29 of Plaintiff's Complaint.

30. The governmental entities failed to approve Henley's Tort Claim in its entirety within the statutorily prescribed period of (90) days and the claim is deemed denied by the governmental entities.

Response: That said Defendant admits the allegations contained in rhetorical paragraph 30 of Plaintiff's Complaint.

## COUNT ONE—VIOLATION OF 42 U.S.C. SEC. 1983

31. Henley re-alleges and incorporates by reference the allegations in Rhetorical Paragraphs 1 through 30 as if set out fully herein.

Response: The defendant incorporates by reference its answers to plaintiff's Rhetorical Paragraphs 1 through 30 as if set out fully herein.

32. At all times relevant herein, Henley had a right under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and under provisions of the Indiana Constitution not to be deprived of her constitutionally protected interest to be free from unlawful seizure of her person, right to counsel, rights to due process of law, and her right to be free from cruel and unusual punishment.

Response: That said Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 32 of Plaintiff's Complaint.

33. The actions and omissions described above, engaged in under color of law, deprived Henley of the aforementioned rights secured to her by the Constitution of the United States and 42 U.S.C. Sec. 1983.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 33 of Plaintiff's Complaint.

WHEREFORE, Plaintiff, Dinah Lynn Henley, demands judgment for the violation of her civil rights against the Defendants, jointly and severally, for actual, special, and compensatory damages in an amount sufficient to compensate Plaintiff for the damages alleged herein, and further demands judgment against Defendants, jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorneys fees, and other just and proper relief.

Response: WHEREFORE, the defendant prays that the plaintiff take nothing by her Complaint, for judgment in favor of the defendant and against the plaintiff, and for all other just and proper relief in the premises.

COUNT TWO—FEDERAL AND STATE LAW LIABILITY FOR FALSE AND UNLAWFUL ARREST AND IMPRISONMENT

34. Henley re-alleges and incorporates by reference the allegations in Rhetorical Paragraphs 1 through 33 as if set out fully herein.

Response: The defendant incorporates by reference its answers to plaintiff's Rhetorical Paragraphs 1 through 33 as if set out fully herein.

35. Without warrant or probable cause, Henley was arrested and subjected to the unlawful restraint of freedom of movement or deprivation of liberty without her consent, as prohibited under Indiana and Federal law.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 35 of Plaintiff's Complaint.

WHEREFORE, Plaintiff, Dinah Lynn Henley, demands judgment against the Defendants, jointly and severally, for the false and unlawful arrest and imprisonment as prohibited under Indiana and Federal law, in an amount sufficient to compensate Plaintiff for the damages suffered as a result of the actions of the Defendants, including but not limited to actual, special, and compensatory damages, and further demands judgment against Defendants, jointly and severally, for punitive damages in an amount to be

determined by the jury, plus the costs of this action, including attorneys fees, and other just and proper relief.

COUNT THREE—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Henley re-alleges and incorporates by reference the allegations in Rhetorical Paragraphs 1 through 35 as if set out fully herein.

Response: The defendant incorporates by reference its answers to plaintiff's Rhetorical Paragraphs 1 through 35 as if set out fully herein.

37. The actions of the Defendants, and the intentional retaliation and abuse of power and process that were a result of a conspiracy among the officers of the Gary Police Department and Lake County Sheriff's Department to illegally and improperly arrest Henley and inflict upon her humiliation, emotional, and mental distress, were outrageous and caused severe emotional distress to Henley.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 37 of Plaintiff's Complaint.

38. Thereby and by reason thereof, Henley has suffered and will continue to suffer mental pain and anguish, embarrassment, emotional trauma as a consequence of being betrayed by the criminal justice system, and humiliation.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 38 of Plaintiff's Complaint.

WHEREFORE, Plaintiff, Dinah Lynn Henley, demands judgment against the Defendants, jointly and severally, for the Defendants' intentional infliction of emotional distress, in an amount sufficient to compensate Henley for the damages suffered as a result of the actions of the Defendants, including but not limited to actual, special, and compensatory damages, and further demands judgment against Defendants, jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorneys fees, and other just and proper relief.

Response: WHEREFORE, the defendant prays that the plaintiff take nothing by her Complaint, for judgment in favor of the defendant and against the plaintiff, and for all other just and proper relief in the premises.

## COUNT FOUR—NEGLIGENCE/GROSS NEGLIGENCE

39. Henley re-alleges and incorporates by reference the allegations in Rhetorical Paragraphs 1 through 38 as if set out fully herein.

Response: The defendant incorporates by reference its answers to plaintiff's Rhetorical Paragraphs 1 through 38 as if set out fully herein.

40. That Gary and Lake County are each a political subdivision of the State of Indiana.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 40 of Plaintiff's Complaint.

41. That as a direct and proximate result of Defendants' negligent, intentional or willful and wanton acts or omissions alleged herein, Henley suffered the damages outlined above.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 41 of Plaintiff's Complaint.

WHEREFORE, Plaintiff, Dinah Lynn Henley, demands judgment against Defendants, jointly and severally, in an amount sufficient to compensate Henley for the damages suffered as a result of the actions of the Defendants, and other just and proper relief.

Response: WHEREFORE, the defendant prays that the plaintiff take nothing by her Complaint, for judgment in favor of the defendant and against the plaintiff, and for all other just and proper relief in the premises.

## COUNT FIVE—MALICIOUS PROSECUTION

42. Henley re-alleges and incorporates by reference the allegations in Rhetorical Paragraphs 1 through 41 as if set out fully herein.

Response: The defendant incorporates by reference its answers to plaintiff's Rhetorical Paragraphs 1 through 42 as if set out fully herein.

43. Defendants, with malice, instituted or caused to be instituted, and conspired to maintain, a criminal prosecution against Henley without probable cause.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 43 of Plaintiff's Complaint.

44. As referenced above, the criminal prosecution of Henley was dismissed by the Lake Superior Court on December 13, 2002.

Response: That said Defendant denies the allegations contained in rhetorical paragraph 44 of Plaintiff's Complaint.

WHEREFORE, Plaintiff, Dinah Lynn Henley, demands judgment against Defendants, jointly and severally, in an amount sufficient and allowable by law to compensate Henley for the damages suffered as a result of the actions of the Defendants, and other just and proper relief.

Response: WHEREFORE, the defendant prays that the plaintiff take nothing by her Complaint, for judgment in favor of the defendant and against the plaintiff, and for all other just and proper relief in the premises.

s/Steven A. Johnson
Steven A. Johnson, Attorney No. 4940-45

s/Michael J. Rappa
Michael J. Rappa, Attorney No. 17512-45

Johnson & Rappa, LLC
250 East 90th Drive
Merrillville, IN 46410
(219) 769-0087
Attorneys for the defendant,
City of Gary

## AFFIRMATIVE DEFENSES

Comes now the defendant, City of Gary, by counsel, and for its Affirmative Defenses to the plaintiff's Complaint, states as follows:

1. That as to any rhetorical paragraph of plaintiff's Complaint not heretofore specifically admitted, controverted or denied by a preceding paragraph of this Answer, the same is now hereby specifically denied by this legal paragraph of Answer.

2. The plaintiff has failed to state a claim upon which relief can be granted.

3. The plaintiff's claims are barred by the plaintiff's contributory negligence.

4. The fault of the plaintiff was the sole proximate cause of the injuries and damages claimed in plaintiff's Complaint:

a. Only the plaintiff was at fault in causing the claimed injuries and damages, if any.

b. Plaintiff's fault includes plaintiff's negligence, plaintiff's incurred risk, plaintiff's assumed risk, plaintiff's failure to avoid injury, and plaintiff's failure to mitigate damages.

5. The actions of the defendant, and/or any of its agents, servants or employees, were objectively reasonable and did not violate any clearly established rule or principal of federal or state law, or any rights of the plaintiff that a reasonable person would have known.

6. The allegations contained in plaintiff's Complaint are subject to and barred by the doctrine of qualified immunity as the alleged acts or omissions of the defendant, and/or any of its agents, servants or employees did not violate any objectively and clearly established right of the plaintiff at the times of the alleged acts.

7. The defendant is entitled to discretionary function immunity as the alleged acts or omissions of the defendant were a legitimate law enforcement and/or discretionary function of law enforcement officers of the Gary Police Department. I.C. 34-13-3-3.

8. The plaintiff's constitutional rights were not violated as the actions of the defendant were for a legitimate governmental purpose and did not violate any rights or immunities guaranteed, or protected, under federal or state law.

9. The plaintiff's claims are barred by the statute of limitations.

10. The plaintiff's state law claims are barred by the plaintiff's failure to comply with the notice and other requirements of the Indiana Tort Claims Act.

11. The allegations contained in plaintiff's Complaint are not entitled to judicial enforcement as the doctrine of respondeat superior cannot be used to hold the defendant liable for the conduct of any subordinate that may have violated any of the plaintiff's constitutional rights.

12. The defendant is entitled to, and the claims of the plaintiff are subject to, all common law, constitutional and statutory privileges and immunities afforded to the defendant under Indiana law and the Indiana Tort Claims Act, I.C. 34-13-3-1, et seq., including, but not limited to, I.C. 34-13-3-3 (5) (7) (8) (9) and (10).

13. The defendant is immune from liability, damages and suit for the claims being made that are subject to the Indiana Tort Claims Act.

14. The plaintiff is barred from recovering any punitive damages against the defendant on all the federal and state law claims.

15. The defendant reserves the right to assert additional affirmative defenses in answer to the allegations contained in the Complaint herein, as the same become apparent and/or available during the course of discovery in this cause of action.

WHEREFORE, the defendant prays that the plaintiff take nothing by her Complaint, for judgment in favor of the defendant and against the plaintiff, and for all other just and proper relief in the premises.

s/Steven A. Johnson
Steven A. Johnson, Attorney No. 4940-45

s/Michael J. Rappa
Michael J. Rappa, Attorney No. 17512-45

Johnson & Rappa, LLC
250 East 90th Drive
Merrillville, IN 46410
(219) 769-0087
Attorneys for the defendant,
City of Gary

**JURY DEMAND**

Comes now the defendant, City of Gary, by counsel, and demands trial by jury.

Respectfully Submitted,

s/Steven A. Johnson
Steven A. Johnson, Attorney No. 4940-45

s/Michael J. Rappa
Michael J. Rappa, Attorney No. 17512-45

Johnson & Rappa, LLC
250 East 90th Drive
Merrillville, IN 46410
(219) 769-0087
Attorneys for the defendant,
City of Gary

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Thomas W. Vanes
9120 Connecticut Drive, Suite G
Merrillville, IN 46410
tom.vanes@sbcglobal.net

Donald P. Levinson
Levinson & Levinson
122 W. 79th Avenue
Merrillville, IN 46410
donlevinson@airbaud.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Dawn E. Wellman
Allen Wellman and McNew
Five Courthouse Plaza
P.O. Box 455
Greenfield, IN 46140

George Glendening
49 Muenich Court
Hammond, IN 46320

**JOHNSON & RAPPA, LLC**

By: s/Michael J. Rappa