FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

05 FEB -3 PM 1:20

[illegible] CLERK
U.S. [illegible] COURT
FOR THE [illegible] DISTRICT
OF INDIANA

| | | |
|---|---|---|
| DINAH LYNN HENLEY, Plaintiff | ) | |
| vs. | ) | CASE NO. 2:04 CV 513 RL |
| LAKE COUNTY, et.al., Defendants | ) | |

MOTION OF LAKE COUNTY TO DISMISS PARAGRAPH 20 OF PLAINTIFF'S COMPLAINT

Comes now the defendant, Lake County, by counsel, and moves to dismiss paragraph twenty (20) of plaintiff's complaint for the reason that the court lacks jurisdiction to entertain it.

George Glendening, 7164-45, Atty. for Lake County
49 Muenich Ct.
Hammond, In. 46320
(219) 932-0252

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DINAH LYNN HENLEY, Plaintiff | ) | CASE NO. 2:04 CV 513 RL |
| vs. | ) | |
| LAKE COUNTY, et.al., | ) | |
| Defendants | ) | |

BRIEF IN SUPPORT OF MOTION TO DISMISS

The defendant, Lake County, by counsel, submits this brief in support of its motion to dismiss.

First, there is no pendent jurisdiction to support the claim. Paragraph 20 of plaintiff's complaint provides, inter alia, that "In April/May of 2002, Henley was diagnosed with breast cancer, and as a result of ... the Lake County Sheriff's Department failure to properly provide medical treatment to Henley, Henley's medical condition deteriorated."

Paragraph 20, as presently worded, states a claim which is ancillary or pendent to plaintiff's principal claims. When the complaint is read as a whole, the gravaman of the federal claims involves allegations that defendants, and particularly members of the Gary police department, violated such of plaintiff's rights as the right to be free from unlawful seizure of her person, the right to counsel, and the right to the due process of law.

Lake County, by and through its sheriff's department, is mentioned only peripherally in the complaint. Paragraph 18 directly implicates it (its correctional employees conspired with Gary police to intercept, tamper with, and withhold plaintiff's personal and legal mail). Paragraph 27 accuses Lake County of "misconduct," but then offers four examples which pertain only to Gary. The same is true of paragraph 26, which cites two examples also pertinent only to Gary.

Assuming for the purpose of this motion that the complaint adequately asserts a denial of federal constitutional rights by Lake County (other than in paragraph 30, which clearly does not), the question is whether plaintiff is entitled to have a state law claim of a negligent failure to provide adequate medical treatment decided by this court.

Legal authorities descibe the function of ancillary jurisdiction as follows. "Even the broadest application of ancillary jurisdiction, however, required a logical

relationship between the ancillary and primary claim." 13 Wright & Miller, "Federal Practice and Procedure" (2nd ed.), sec. 3523, p. 96. No such nexus exists here.

Another way of putting it is that "Ancillary jurisdiction exists because without it the federal court neither could dispose of the principal case effectively nor do complete justice in the dispute that is before the tribunal." Wright & Miller, id. at sec. 3253, p. 85. Neither one of these prongs can be said to exist here.

In the seminal case of United Mine Workers of America v. Gibbs, (1966), 86 Sup. Ct. 1130, 383 U.S. 715, 16 L.Ed. 2nd 218, it was held that if there is jurisdiction because of a substantial federal claim, there is power to hear pendent that "derive from a common nucleus of operative facts" and if the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding" (86 Sup. Ct. @1138, 383 U.S. @725). Again, it does not appear that plaintiff's paragraph 20 claim meets these criteria. Indeed, if it remains in this case it will cause a massive fact-finding process to determine medical questions involving the standard of care to be used in a case like the plaintiff's, whether that standard was met, and to what extent plaintiff was damaged. It could also serve to prejudice this defendant by gaining the sympathy of the jury on the federal claims because the jury "feels sorry" for the plaintiff on an unrelated state law claim.

Plaintiff did not have to file her paragraph 20 claim in this forum but, because she did, she must accept the limitations imposed by federal jurisdiction. She could have filed any or all of her claims in state court where she would not have been foreclosed from presenting her paragraph 20 claim. This motion should be granted.

The second ground on which this motion can be granted concerns application of the Indiana Tort Claims Act(I.C. 34-13-1-1, et.seq.). The Act mandates that persons having tort claims against such entities as counties present such claims in a tort claim notice in a timely and specific way. The timeliness of the tort claim notice here (it is attached to the complaint) is questionable, but that question can only be answered following discovery. What is not questionable, however, is that plaintiff's tort claim notice in this case completely omitted any reference to her paragraph 20 claim. The notice must describe in a short and plain statement the facts on which the claim is based (I.C. 34-13-3-10). There was not even substantial compliance with the act in this case-there was no compliance. For that reason, plaintiff's claim is barred (I.C. 34-13-3-6). This motion should be granted.

George Glendening, 7164-45, Atty. for Lake County
49 Muenich Ct.
Hammond, In. 46320
(219) 932-0252

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was sent by first class mail with proper postage affixed this 3 day of February, 2005, to Thomas Vanes, Dawn Wellman, Donald Levinson, and Michael Rappa.

George Glendening