**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **DINAH LYNN HENLEY,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **2:04 CV 513** |
| | ) | |
| **CITY OF GARY, *et al.*,** | ) | |
| **Defendants** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Dinah Lynn Henley ("Henley") filed this action pursuant to 42 U.S.C. § 1983, alleging that several of her constitutional rights were violated by the City of Gary, Indiana and by Lake County, Indiana, through the actions of a number of individuals employed by those govermental entities who are also named as defendants. In brief, her complaint narrates a claim that the defendants "framed" her for the murder of her husband, whom she asserts she killed in self-defense, and arrested her on that charge. The complaint describes an ongoing conspiracy against her that resulted in incidents such as tampering with her mail that took place while she was in custody at the Lake County Jail. Paragraph 20 of the complaint then states:

> In April/May of 2002, Henley was diagnosed with breast cancer, and as [a] result of the malicious actions of Gary and the officers of the Gary Police Department as set out herein, as well as the Lake County Sheriff's Department's failure to properly provide medical treatment to Henley, Henley's medical condition deteriorated.

Defendant Lake County has filed a motion asking the court to dismiss paragraph 20 pursuant to FED. R. CIV. P. 12(b)(1), for lack of subject-matter jurisdiction. Lake County argues that paragraph 20 pleads a "state law claim of a negligent failure to

provide adequate medical treatment" which is not within the court's supplemental jurisdiction, 28 U.S.C. § 1367, and that Henley failed to give proper notice of the claim as required by the Indiana Tort Claims Act, Ind. Code § 34-13-1-1 *et seq*. In response, Henley explains that paragraph 20 is a factual allegation made in support of a claim that Lake County provided her with constitutionally inadequate medical care in violation of the eighth and or fourteenth amendments of the United States Constitution, actionable under 42 U.S.C. § 1983.

The court plainly has subject-matter jurisdiction over that claim pursuant to 28 U.S.C. § 1331. In addition, claims brought pursuant to 42 U.S.C. § 1983 are not subject to state statutes requiring notice of tort claims. See *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L. Ed. 2d 123 (1988); *Medley v. City of Milwaukee*, 969 F.2d 312, 321 n. 8 (7th Cir. 1992); *Craig v. Witucki*, 624 F. Supp. 558, 560 (N.D. Ind. 1986).

Accordingly, Lake County's motion to dismiss paragraph 20 of the complaint (DE # 19) is **DENIED**.

**SO ORDERED.**

ENTER: August 30, 2005

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT